IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.12-cv-02431-BNB
(**The above civil action number must appear on all future papers
  sent to the court in this action.  Failure to include this number
  may result in a delay in the consideration of your claims.**)

DEON L. ROLLEN,

      Applicant,

v.

T.K. COZZA-RHODES,

      Respondent,

_____

## ORDER DIRECTING APPLICANT TO CURE DEFICIENCY
_____

Applicant has submitted an Application for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant

to 28 U.S.C. § 1915 in a Habeas Action. The Court has reviewed the § 2241 Application

and it appears that he is challenging the validity of his conviction and sentence based

on a claim of ineffective assistance of plea counsel.   Mr. Rollen alleges that he agreed

to the government's plea offer based on counsel's representation that his sentence

would not exceed 18 months.  However, the state district court sentenced him to a

prison term of 22 years.  For relief, Mr. Rollen requests that his sentence be vacated

and that he be resentenced.

"Petitions under § 2241 are used to attack the execution of a sentence, *see*

*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996), in contrast to § 2254 habeas and

§ 2255 proceedings, which are used to collaterally attack the validity of a conviction and

sentence." *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th

Cir. 1997).  Accordingly, to the extent Mr. Rollen is challenging the validity of his state

court sentence, his remedy is an Application for a Writ of Habeas Corpus Pursuant to

28 U.S.C. § 2254.

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has

determined that the submitted documents are deficient as described in this order.

Applicant will be directed to cure the following if he wishes to pursue his claims.  Any

papers that the Applicant files in response to this order must include the civil action

number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1)   ___   is not submitted
(2)   ___   is missing affidavit
(3)   ___   is missing <u>certified</u> copy of prisoner's trust fund statement for the 6-month
period immediately preceding this filing
(4)   ___   is missing certificate showing current balance in prison account
(5)   ___   is missing required financial information
(6)   ___   is missing an original signature by the prisoner

(7)   ___   is not on proper form (must use the court's current form):
(8)   ___   names in caption do not match names in caption of complaint, petition or
habeas application
(9)   ___   other:

**Complaint, Petition or Application**:

(10)   ___   is not submitted
(11)   ___   is not on proper form (must use the court's current form)
(12)   ___   is missing an original signature by the prisoner
(13)   ___   is missing page nos. ___
(14)   ___   uses et al. instead of listing all parties in caption
(15)   ___   names in caption do not match names in text
(16)   ___   addresses must be provided for all defendants/respondents in "Section A.
Parties" of complaint, petition or habeas application
(17)   _X_   other: <u>Application is submitted on incorrect form</u>

2

Accordingly, it is

ORDERED that the Applicant cure the deficiency designated above **within thirty (30) days from the date of this order**.  Any papers which the Applicant files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if the Applicant fails to cure the designated deficiency  **within thirty (30) days from the date of this order**, the Application and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED: September 17, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge