IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.12-cv-02431-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

DEON L. ROLLEN,

    Applicant,

v.

T.K. COZZA-RHODES,

    Respondent,

---

**ORDER DIRECTING APPLICANT TO CURE DEFICIENCY**

---

Applicant has submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action. The Court has reviewed the § 2241 Application and it appears that he is challenging the validity of his conviction and sentence based on a claim of ineffective assistance of plea counsel.   Mr. Rollen alleges that he agreed to the government's plea offer based on counsel's representation that his sentence would not exceed 18 months.  However, the state district court sentenced him to a prison term of 22 years.  For relief, Mr. Rollen requests that his sentence be vacated and that he be resentenced.

"Petitions under § 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996), in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and

sentence." ***See McIntosh v. United States Parole Comm'n***, 115 F.3d 809, 811 (10th Cir. 1997). Accordingly, to the extent Mr. Rollen is challenging the validity of his state court sentence, his remedy is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the submitted documents are deficient as described in this order. Applicant will be directed to cure the following if he wishes to pursue his claims. Any papers that the Applicant files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1)  __  is not submitted
(2)  __  is missing affidavit
(3)  __  is missing <u>certified</u> copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  __  is missing certificate showing current balance in prison account
(5)  __  is missing required financial information
(6)  __  is missing an original signature by the prisoner

(7)  __  is not on proper form (must use the court's current form):
(8)  __  names in caption do not match names in caption of complaint, petition or habeas application
(9)  __  other:

**Complaint, Petition or Application**:

(10)  __  is not submitted
(11)  __  is not on proper form (must use the court's current form)
(12)  __  is missing an original signature by the prisoner
(13)  __  is missing page nos. __
(14)  __  uses et al. instead of listing all parties in caption
(15)  __  names in caption do not match names in text
(16)  __  addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17)  X   other: Application is submitted on incorrect form

Accordingly, it is

ORDERED that the Applicant cure the deficiency designated above **within thirty (30) days from the date of this order**. Any papers which the Applicant files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov). It is

FURTHER ORDERED that, if the Applicant fails to cure the designated deficiency **within thirty (30) days from the date of this order**, the Application and the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED: September 17, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge