IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.12-cv-02431-BNB

DEON L. ROLLEN,

    Applicant,

v.

T.K. COZZA-RHODES,

    Respondent,

---

ORDER TO ADMINISTRATIVELY CLOSE CASE
PURSUANT TO D.C.COLO.LCivR 41.2

---

    Mr. Rollen has submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  The Court has reviewed the § 2241 Application, and it appears that Mr. Rollen is challenging the validity of his conviction and sentence based on a claim of ineffective assistance of plea counsel.   Mr. Rollen alleges that he agreed to the government's plea offer based on counsel's representation that his sentence would not exceed 18 months.  However, the state court sentenced him to a prison term of 22 years.  For relief, Mr. Rollen requests that his sentence be vacated and that he be resentenced.

    "Petitions under § 2241 are used to attack the execution of a sentence, *see* ***Bradshaw v. Story***, 86 F.3d 164, 166 (10th Cir.1996), in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence."  ***See McIntosh v. United States Parole Comm'n***, 115 F.3d 809, 811 (10th Cir. 1997).  A § 2255 motion must be filed in the district that imposed the sentence.  ***See***

***Bradshaw***, 86 F.3d at 166. "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." ***Johnson v. Taylor***, 347 F.2d 365, 366 (10th Cir.1965).

Mr. Rollen submitted a letter to the Court on October 1, 2012 (ECF No. 5), in which he clarifies that he is challenging his federal sentence in ***People v. Rollen***, Criminal Case No. 04-cr-514-WYD-1. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) shall be construed as a motion pursuant to 28 U.S.C. § 2255 and shall be filed in Criminal Case No. 04-cr-514-WYD-1. It is

FURTHER ORDERED that the Clerk of the Court is instructed to close this case administratively, pursuant to D.C.COLO.LCivR 41.2.

DATED at Denver, Colorado, this  3rd  day of   October  , 2012.

BY THE COURT:


  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court